### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

DOUGLAS C. MORRIS,

                Plaintiff,

v.                                                                    CIVIL ACTION NO. 2:05-0001

STEVEN D. CANTERBURY, in his Official
Capacity as the Director of the West Virginia Regional
Jail & Correctional Facility Authority an Agency of the
State of West Virginia, and EDWARD T. WENSELL,
in both his Official Capacity and in the Personal Capacity,
and JOHN DOES I-V, in their Personal Capacities,

                Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is the motion of the plaintiff, Douglas C. Morris, for reconsideration or modification of the Court's Order of February 15, 2005, which denied the plaintiff's motion for remand to Kanawha County Circuit Court. The Court **GRANTS** the plaintiff's motion for reconsideration and **DIRECTS** that the case be remanded in its entirety.

In the February 15 Order, this Court relied on the Supreme Court's holding that "the presence in an otherwise removable case of a claim that the Eleventh Amendment may bar does not destroy removal jurisdiction that would otherwise exist." *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 386 (1998). Finding that the Court had jurisdiction over one claim, it determined that the matter was removable despite the presence of the claims against the state entity. As part of its determination, the Court noted that the Eleventh Amendment presented the State with the option of asserting a sovereign immunity defense, but that the defense may be waived. *Id.* at 389.

The plaintiff now points to the defendants' assertion of Eleventh Amendment immunity in its answer and contends that this Court is barred from hearing those claims. That conclusion comports with the holding of *Schacht*, where the Supreme Court determined that if a state asserted the Eleventh Amendment bar, a federal court could not hear the barred claims but could hear the remaining claims. *Id.* at 392-93.

The defendants' decision to remove the case to federal court, however, raises the issue of whether that act waived the state's immunity. Addressing only the issue of state law claims as to which the state had explicitly waived immunity from suit in state court, the Supreme Court has found that a state waives its Eleventh Amendment immunity when it removes a case to federal court. *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002). The Fourth Circuit addressed a related but distinct issue in *Stewart v. North Carolina*, 393 F.3d 484 (2005), where it concluded that voluntary removal did not waive sovereign immunity. The Fourth Circuit noted that Eleventh Amendment immunity was a more narrow principle and declined to address what effect removal might have on it. *Id.* at 490.

Given the limited holding of *Lapides* and the Fourth Circuit's refusal to extend it, the rule in *Schact* continues to control. Accordingly, the Court reaffirms its prior determination that it cannot hear a claim as to which the state has asserted the Eleventh Amendment bar. Although the plaintiff's motion refers to the defendants' assertion of "Eleventh Amendment immunity," the defendants' answer asserts a defense of "sovereign immunity." The defendants' response to the motion to remand, however, discusses Eleventh Amendment immunity and does not refer to a separate assertion of sovereign immunity. Although the terms are sometimes interchanged, each has a distinct meaning. It is unclear here if the defendants intended to assert one defense or both. But

because the defendants engaged in the Eleventh Amendment argument, the Court will consider them to have raised the Eleventh Amendment bar and modify its February 15 Order to recognize that the state has already asserted that defense. The Court is consequently barred from hearing claims against the defendants in their official capacities. Although the claim against the defendant Edward T. Wensell in his personal capacity could be removed if standing alone, that claim not only involves the same person but arises from the same incidents. The state court has concurrent jurisdiction over the only claim this court could consider, and the non-removable state claims predominate in the case. In this situation, the interests of judicial economy and convenience compel this Court to decline to exercise jurisdiction over the claim against the defendant in his personal capacity. *See Spaulding v. Mingo County Board of Education*, 897 F.Supp. 284, 289 (S.D.W.Va. 1995) (Finding that "where the crux of the action rests in the construction and application of state law, the court may remand the entire case, including putative federal claims." (Citing *Moore v. DeBiase*, 766 F.Supp. 1311, 1321 (D.N.J. 1991) and *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442 (N.D.Ala. 1991)). This conclusion is also supported by various courts' interpretation of the removal statute. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (Concluding that "[c]ourts that have considered the meaning of the new § 1441(c) have decided overwhelmingly that the provision now permits them to remand the entire action, federal claims and all, if the state law claims predominate."). Finally, the Court notes that "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir.1999).

Accordingly, the Court **GRANTS** the plaintiff's motion to remand and hereby **REMANDS** this action to the Circuit Court of Wood County, West Virginia. The Court further **ORDERS** that

the case be **STRICKEN** from the docket of this Court. The Court **DIRECTS** the Clerk to send a certified copy of this Remand Order to counsel of record, any unrepresented parties, and the Circuit Court of Wood County, West Virginia.

          ENTER:    May 2, 2005

          ROBERT C. CHAMBERS
          UNITED STATES DISTRICT JUDGE